Affirmed and Memorandum Opinion filed December 23, 2008








Affirmed and Memorandum Opinion filed December 23,
2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00952-CR

_______________

 

GARY LYNN BOLDS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 1122798 

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

A jury
found appellant, Gary Lynn Bolds, guilty of possession of a controlled
substance, cocaine, weighing more than four grams and less than two-hundred
grams.  The trial court sentenced appellant to twenty-five years= confinement.  In three issues,
appellant  challenges the trial court=s denial of his motion to suppress
and denial of his request for a jury charge pursuant to Texas Code of Criminal
Procedure article 38.23.  Because our disposition is based on clearly settled
law, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.








Factual And Procedural Background

On June
26, 2007, Pasadena Police Officer David Kot was assigned to a Aplainclothes unit@ looking for in-progress crimes in a
high-crime area.  Kot noticed appellant when appellant was walking from a
parking lot to cross a four-lane roadway.  He exhibited poor balance and was
using his hands to keep steady.  Appellant walked into a traffic lane short of
the cross-walk and entered the designated cross-walk about ten feet into the
intersection.  A northbound vehicle, which had the right of way, was forced to
swerve into the outside lane to avoid hitting appellant.  Kot was concerned for
appellant=s welfare.

After
Kot approached appellant, Kot noticed appellant had red, watery eyes, was
sweating profusely, and emitting an odor, which Kot knew from his experience
was consistent with smoking crack cocaine.  Kot arrested appellant for public
intoxication.  Kot conducted what he denominated Aan inventory search@ of appellant=s person.  Kot found a clear plastic
baggie in appellant=s front pocket.  The baggie contained numerous off-white
rectangular rocks, having an appearance consistent with crack cocaine.  The
rocks tested positive for cocaine, and appellant was subsequently charged with
possession of a controlled substance.

Appellant
moved to suppress the cocaine.  In response, the State argued that the search
was justified as incident to an arrest for violation of the traffic code and
public intoxication.  The trial court found Kot credible.  The court also
concluded (1) it was reasonable for Kot to approach appellant to ascertain his
safety and (2) it was reasonable for Kot to believe appellant was publicly
intoxicated.  The court therefore denied the motion.

Appellant
proceeded to jury trial.  Officer Kot and Pasadena Crime Laboratory chemist and
quality manager, Claudia Busby, testified for the State.  Appellant
cross-examined the State=s witnesses, but did not present any other defense.  The jury
found appellant guilty.








Discussion

A.        Issues One and Two

In his
first and second issues, appellant challenges the trial court=s denial of his motion to suppress
the cocaine.  In issue one, he argues the State failed to establish that
reasonable suspicion existed to justify an investigative detention.  In issue
two, he argues the trial court erred in finding Officer Kot was exercising his
community caretaking function.  Because we conclude Kot was justified in
searching appellant incident to an arrest for traffic code violations, we
uphold the trial court=s decision to allow the evidence on that ground and overrule
appellant=s first and second issues.

We
review a trial court=s ruling on a motion to suppress for abuse of discretion.  See
Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993).  Accordingly,
we must give great deference to the trial court=s findings of historical facts as
long as the record supports the findings, especially when the findings are
based on an evaluation of credibility and demeanor.  See Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We afford the same amount of
deference to the trial court=s ruling on Amixed questions of law and fact@ when those issues turn on an
evaluation of witnesses= credibility and demeanor.  Id.  When rulings on Amixed questions of law and fact@ do not turn on an evaluation of
credibility and demeanor, we review the rulings de novo.  Id.  If the
trial court=s decision is correct on any theory of law applicable to the case, we
must sustain the decision.  State v. Ross, 32 S.W.3d 853, 855B56 (Tex. Crim. App. 2000).

An
officer may make a warrantless arrest if a person commits an offense within the
presence or view of the officer.  Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005).  Kot
testified he observed appellant walk into the roadway outside the cross-walk,
causing an on-coming vehicle with the right of way to swerve.








AA pedestrian shall yield the right‑of‑way to a
vehicle on the highway if crossing a roadway at a place . . . other than in a
marked crosswalk or in an unmarked crosswalk at an intersection.@  Tex. Transp. Code Ann. ' 552.005(a)(1) (Vernon 1999). 
Failure to do so constitutes an offense.  See id. ' 542.301 (providing person commits
misdemeanor offense if he performs an act prohibited or fails to perform an act
required by subchapter relating to rules of the road).  Officer Kot was
therefore authorized to arrest appellant.

When law
enforcement officers make a lawful arrest, they may search, as incident to that
arrest, the person arrested and the area within his immediate control.  Chimel
v. California, 395 U.S. 752, 763, 89 S. Ct. 2034, 2040 (1969).[1] 
Officer Kot discovered the cocaine in appellant=s pocket.  Appellant does not
challenge the scope of the search.  Warrantless search of appellant=s person was a permissible search
incident to arrest.  Accordingly, we overrule appellant=s first and second issues.

B.        Issue Three








In his
third issue, appellant argues the trial court erred by denying a requested jury
charge pursuant to Texas Code of Criminal Procedure article 38.23, which
provides in relevant part,  that, in any case in which the evidence raises a
fact issue regarding whether it was obtained in violation of any provisions of
the United States Constitution or laws of the State of Texas, Athe jury shall be instructed that if
it believes, or has a reasonable doubt, that the evidence was obtained in
violation of the provisions of this Article, then . . . the jury shall
disregard any such evidence so obtained.@  Tex. Code Crim. Proc. Ann. art.
38.23(a) (Vernon 2005).  AA fact issue about whether evidence was legally obtained may
be raised >from any source, and the evidence may be strong, weak, contradicted,
unimpeached, or unbelievable.=@ Garza v. State, 126 S.W.3d
79, 85 (Tex. Crim. App. 2004) (quoting Wilkerson v. State, 933 S.W.2d
276, 280 (Tex. App.CHouston [1st Dist.] 1996)).  Nevertheless, a court must
include an article 38.23 instruction in the jury charge only if there is a
factual dispute about how the evidence was obtained.  Id.

Appellant
did not testify at trial and offered no witnesses in his defense.  Appellant
cross-examined Kot and suggested other health conditions might account for
appellant=s poor balance and red, watery eyes.  Appellant, however, elicited no
evidence impeaching Kot=s testimony about the general signs of cocaine intoxication
or about the physical conditions Kot observed in appellant.

Appellant
asked only a few questions about Kot=s ability to observe appellant=s movements from Kot=s position in the patrol car.  Kot
consistently testified he was able to observe appellant clearly.  Accordingly,
we conclude that appellant did not elicit any evidence raising a fact question
about whether he entered the roadway outside the cross-walk, whether he entered
against traffic, or whether he caused a vehicle to swerve to avoid hitting him.


The
trial court therefore did not err in denying appellant=s request for an article 38.23
instruction.  Appellant=s third issue is overruled.

The
trial court=s judgment is affirmed.

 

 

/s/        Charles Seymore

Justice

 

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore

 

Do Not Publish C Tex.
R. App. P. 47.2(b).

.









[1]  At the suppression hearing, Kot testified he
conducted an Ainventory search.@ 
We are not bound by Kot=s characterization of the justification for the
search.  See Scott v. United States, 436 U.S. 128, 138, 98 S. Ct.
1717, 1723 (1978) (stating fact officer does not have state of mind
hypothecated by reasons providing legal justification for officer=s action does not invalidate action taken so long as circumstances,
viewed objectively, justify that action).