NO. 07-07-0327-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 15, 2009

_____

DESMOND DE-RON JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,577-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Desmond De-Ron Johnson, was convicted by a jury of possession of marihuana in an amount of five pounds or less but more than four ounces, a state jail felony. *See* Tex. Health & Safety Code Ann. § 481.121(b)(3) (Vernon 2003). The jury's finding that the offense was committed in a drug-free zone formed the basis of punishment as a third degree felony. *See* § 481.134(d)(1) (Vernon

Supp. 2008). Appellant was sentenced to eight years confinement and an $8,000 fine. By his first four issues, Appellant maintains he was denied due process and a fair trial by the trial court's (1) denial of his motion to suppress; (2) refusal to instruct the jury pursuant to article 38.23 of the Texas Code of Criminal Procedure; (3) refusal to instruct the jury pursuant to article 38.41 of the Texas Code of Criminal Procedure; and (4) refusal to enforce its own discovery order and allowing testimony of witnesses and expert witnesses when they had not been disclosed by the State. By issues five and six, Appellant challenges the legal and factual sufficiency of the evidence to support the drug-free zone enhancement to his conviction. By his seventh and final issue, Appellant asserts he was denied his constitutional right to confront witnesses through the introduction of hearsay testimony regarding the county where the offense was alleged to have occurred. For the reasons that follow, we affirm.

### Factual Background

Officers Sammy Martinez and Scott Chappel are members of a community-oriented problem solving squad. The squad is designed to work on long-term problems arising from complaints from citizens and businesses. While on patrol on the afternoon of October 16, 2006, the officers were flagged down by a citizen who believed individuals were dealing drugs at San Jacinto Park. The individual identified the suspects by name and gave a description of the clothing the two suspects were wearing. The officers drove to the park and saw two males who fit the description walking in a southerly direction. According to

2

the officers, numerous other persons were in the park, but no one else fit the descriptions given. As they drove in the direction of the suspects, Appellant's companion, Dustin Baker, ducked behind a tree momentarily, threw something down, then reappeared. The officers exited the patrol car and approached the individuals.

Baker's furtive movement in ducking behind a tree was suspicious to Officer Martinez and caused him safety concerns. He initiated a pat down search of Appellant for weapons while Officer Chappel tended to Baker. During the search, Officer Martinez detected a strong odor of marihuana and notified Appellant of the anonymous complaint he had received and asked if he was carrying drugs. Appellant admitted he had drugs in his coat pocket. Officer Martinez reached into the coat pocket and pulled out a plastic baggie containing marihuana and a set of digital scales.

A search behind the tree where Baker had concealed himself turned up a marihuana blunt (a cigar that has had the tobacco removed and replaced with marihuana). Appellant and Baker were both arrested. Appellant was charged with, and convicted of, possession of marihuana in a drug-free zone.

### Motion to Suppress

By his first issue, Appellant contends he was denied due process and a fair trial by the trial court's denial of his motion to suppress. We disagree. Appellant filed his motion to suppress one week prior to commencement of trial urging among other items,

3

suppression of the marihuana on the ground that it was seized without a warrant, probable cause, or other lawful authority in violation of his constitutional rights.

According to the record, a pretrial hearing on Appellant's motion to suppress was scheduled to take place at docket call, however, no hearing was held because Appellant's counsel failed to appear. After the jury was seated, but before voir dire began, defense counsel urged his motion to suppress explaining his absence at docket call was due to lack of notice. In response, the trial court stated:

> And I indicated to you in chambers that we waited for you and you took off somewhere. The Prosecutor had witnesses here in the courtroom. We were in the courtroom with witnesses and I was here and you were gone. We went looking for you and my bailiff said you took off. So if I have time, I'll hear it later on, otherwise, it's overruled.

Following this exchange, Appellant's counsel did not object to the denial of a hearing or to the trial court's ruling. Furthermore, during the State's case-in-chief, Appellant's counsel did not object to the introduction of the evidence sought to be suppressed on the same grounds alleged in the motion. After the State rested its case-in-chief, defense counsel conferred with Appellant and then rested without presenting evidence or reurging his motion to suppress. The following morning, the trial court announced:

> I see your motion to suppress, and according to the evidence from the officers covered, I gave you sufficient leeway there for me to get all the data that I needed. And based on what I heard from the officers, although it was before the jury, I would have denied that motion.

4

Generally, in order to preserve error, the record must show that Appellant made a timely request, objection, or motion, and that the trial court ruled on it. Tex. R. App. P. 33.1(a)(1). Appellant's failure to appear and timely urge his motion to suppress when scheduled constitutes a waiver of that motion. Therefore, the trial court did not err when it overruled Appellant's motion to suppress prior to the commencement of voir dire.

However, our inquiry does not stop there. In the exchange immediately prior to the commencement of voir dire, the trial court did express an intent to consider the motion at a later time. Furthermore, at the end of the trial, the trial court indicated that, based upon the evidence that it did hear during trial, it would have denied the motion. Under such circumstances, it can be said that the trial court carried the motion with the trial and subsequently reconsidered its merits. Although such an unorthodox course of proceedings is inappropriate in a jury trial setting, when a trial court allows a motion to suppress to be conducted in a unitary proceeding with the trial itself, the appellant does not waive his motion by failing to object to the admission of the evidence he seeks to suppress. *Garza v. State,* 126 S.W.3d 79, 84 (Tex.Crim.App. 2004). Therefore, assuming without deciding that Appellant adequately preserved error, we will address the merits of his motion to suppress.

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion standard. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002). Where, as here, the facts are undisputed, we conduct a de novo review of the trial court's application-of-

5

law-to-fact questions that do not turn on the credibility and demeanor of the witnesses. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007); *Estrada v. State*, 154 S.W.3d 604, 607 (Tex.Crim.App. 2005). If the trial court's decision is correct on any theory of law applicable to the case, it will be sustained. *State v. Ross*, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000).

The Fourth Amendment of the United States Constitution and Article I, § 9 of the Texas Constitution protect against unreasonable searches and seizures by government officials. *See Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex.Crim.App. 2007); *Johnson v. State*, 912 S.W.2d 227, 232-34 (Tex.Crim.App. 1995); *Martinez v. State*, 72 S.W.3d 76, 81 (Tex.App.–Amarillo 2002, no pet.). A pedestrian is entitled to the protection of the Fourth Amendment as he walks down the street. *See Terry v. Ohio*, 392 U.S. 1, 9, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonableness of a search is a question of law that is reviewed de novo and is evaluated by the totality of the circumstances. *Kothe v. State*, 152 S.W.3d 54, 62 (Tex.Crim.App. 2004); *Woods v. State*, 956 S.W.2d 33, 38 (Tex.Crim.App. 1997).

An investigative detention occurs when an individual is encountered by a police officer, yields to the officer's display of authority, and is temporarily detained for purposes of an investigation. *Johnson*, 912 S.W.2d at 235. A person "yields to an officer's display of authority" when a reasonable person would not feel free to continue walking or otherwise terminate the encounter. *Florida v. Bostick*, 501 U.S. 429, 436, 111 S.Ct. 2382, 115

6

L.Ed.2d 389 (1991); *State v. Velasquez*, 994 S.W.2d 676, 679 (Tex.Crim.App. 1999); *Johnson*, 912 S.W.2d at 234-35. An investigative detention is constitutionally permissible if, under the totality of the circumstances, the officer has reasonable suspicion supported by articulable facts that the person detained is, has been, or soon will be engaged in criminal activity. *Terry v. Ohio*, 392 U.S. at 21-22; *Ford v. State*, 158 S.W.3d 488, 492 (Tex.Crim.App. 2005). These facts must amount to more than a mere inarticulable hunch or suspicion. *Williams v. State*, 621 S.W.2d 609, 612 (Tex.Crim.App. 1981). Whether reasonable suspicion exists is determined by considering the facts known to the officer at the moment of detention. *Davis v. State*, 947 S.W.2d 240, 243 (Tex.Crim.App. 1997). Additionally, a determination of reasonable suspicion must be based on common sense judgments and inferences about human behavior. *See Illinois v. Wardlow*, 528 U.S. 119, 125, 120 S.Ct. 673, 676, 145 L.Ed.2d 570 (2000).

Relying on *Florida v. J.L.*, 529 U.S. 266, 270, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000), Appellant argues that an anonymous tip by a person of undisclosed reliability is insufficient to justify an investigative detention. *See State v. Steelman*, 93 S.W.3d 102, 108 (Tex.Crim.App. 2002). However, such a tip coupled with observations by police may ultimately present reasonable suspicion and probable cause. *Alabama v. White*, 496 U.S. 325, 329-31, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); *Turner v. State*, 261 S.W.3d 129, 134 (Tex.App.–San Antonio 2008, no pet.). Police can provide other indicia of reliability by independent corroboration of the informant's information. *Flores v. State*, 172 S.W.3d 742, 751 (Tex.App.–Houston [14th Dist. 2005, no pet.). However, corroboration of only

innocent details which do not indicate criminal activity are usually insufficient. *Id.*, citing *Parish v. State*, 939 S.W.2d 201, 203 (Tex.App.–Austin 1997, no pet.).

While we agree with Appellant that the anonymous tip identifying him and Baker and the officers' corroboration of innocent details, i.e., the description of the clothing they were wearing, are insufficient to justify an investigative detention, nothing prevented the officers from merely seeking to engage in a lawful encounter with Appellant and his companion. While seeking to engage in a lawful encounter, Officers Martinez and Chappel observed Baker make a furtive movement by concealing himself behind a tree. This conduct made Officer Martinez suspicious that Baker might be concealing a weapon, which tended to corroborate their suspicion that Appellant and Baker were either involved in, or about to be engaged in, criminal activity.

Citing officer safety concerns, Officer Martinez initiated a pat down search of Appellant for weapons. He informed Appellant that he was investigating a complaint against him and asked him if he had drugs on him. Appellant was compliant and answered affirmatively. He told Officer Martinez the drugs were in his coat pocket. Upon further investigation the officer then discovered a plastic baggie containing marihuana and digital scales. Nothing about this sequence of events implicates a violation of Appellant's constitutional rights.

A pat down search is permissible when an officer reasonably believes that a citizen about to be lawfully encountered by the officer might be armed. *Terry*, 392 U.S. at 29-30.

8

The officer does not have to be absolutely certain that the individual is armed; rather, the issue is whether a reasonable prudent person in the same circumstances would be warranted in the belief that his safety or that of others was in danger. *Id.* at 27. Officer Chappel, a peace officer with eighteen years experience, testified that based on his training, persons who deal in narcotics often arm themselves for protection from rival dealers and law enforcement.

Based on the totality of the circumstances and the facts known to the officers at the moment of the initial encounter, we find that there was a reasonably prudent concern for officer safety, that the resultant weapons pat-down was justified, and that the subsequent discovery of the controlled substance was constitutionally permissible. Given that the record demonstrates great leeway to defense counsel in questioning both officers, we conclude the trial court did not abuse its discretion in denying Appellant's motion to suppress. Issue one is overruled.

## Article 38.23 Instruction

By issue two, Appellant contends he was denied due process and a fair trial by the trial court's refusal to instruct the jury pursuant to article 38.23 of the Texas Code of Criminal Procedure on the issue of probable cause for the stop, search, and seizure after contradictions in the State's witnesses' testimony gave rise to the issue. We disagree.

Article 38.23 provides, in relevant part, as follows:

9

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).

The triggering mechanism for an article 38.23 instruction is complex. *See Oursbourn v. State*, 259 S.W.3d 159, 177 (Tex.Crim.App. 2008). A defendant must establish the following requirements: (1) the evidence must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence sought to be excluded. *Id.*

"A fact issue about whether evidence was legally obtained may be raised 'from any source, and the evidence may be strong, weak, contradicted, unimpeachable, or unbelievable.'" *Garza v. State*, 126 S.W.3d at 85 (quoting *Wilkerson v. State*, 933 S.W.2d 276, 280 (Tex.App.–Houston [1st Dist.] 1996, pet. ref'd)). No instruction is required when the evidence fails to raise a fact question on how the evidence was obtained by the State. *Wilkerson*, 933 S.W.2d at 276. A disagreement with the trial court's conclusion that

10

probable cause was shown as a matter of law is not the same as a defendant controverting the facts. *Garza*, 126 S.W.3d at 86.

By his argument, Appellant asserts that "[i]n view of the inconsistencies in the testimony of the State's witnesses," he requested an instruction under article 38.23 which the trial court denied. He then references this Court to the State's argument during the charge conference that Officer Martinez was "vigorously cross-examined, *and the issue was clouded*." (Emphasis in Appellant's Brief). Appellant argues here, "[a] clouded issue is an issue raised." However, Appellant nowhere in his argument in support of issue two describes what inconsistencies in the officers' testimony entitled him to a jury instruction under article 38.23. As we are left to speculate, the only inconsistency in the record is whether Appellant was wearing his coat or whether he was carrying it when approached by Officer Martinez. Regardless, there was no issue raised by the evidence as to *how* the marihuana was obtained. (Emphasis added). When the evidence fails to raise a fact question on how the evidence was obtained by the State, no instruction is necessary. *Thomas v. State*, 723 S.W.2d 696, 707 (Tex.Crim.App. 1986). Thus, no error was committed by the trial court in denying Appellant's request for an article 38.23 instruction. Issue two is overruled.

## Article 38.41 Instruction

By issue three, Appellant contends he was denied due process and a fair trial by the trial court's refusal to instruct the jury pursuant to article 38.41 of the Texas Code of

11

Criminal Procedure on the issue of whether a certificate of analysis regarding physical evidence may be considered by the jury after non-compliance on the face of the certificate gave rise to the issue. He argues the trial court's error is of constitutional dimension.

The State maintains on appeal that there was no violation of article 38.41 and thus, Appellant's argument lacks merit. Additionally, the State contends the trial court did not err in refusing Appellant's requested jury instruction because Appellant failed to object to the certificate, in writing, as required by article 38.41, § 4. We agree with the State.

Article 38.41, § 3 lists the requirements that a certificate of analysis must contain and be certified under oath to be admissible. One of those requirements is a statement that the laboratory employing the analyst be accredited by a nationally recognized board or association. *Id.* at §3(2). Article 38.41, § 5 provides that a certificate of analysis is sufficient if it substantially complies with the requirements.

The certificate of analysis offered by the State as Exhibit 12 does not itself contain a statement of accreditation by a nationally recognized board or association. However, the drug analysis laboratory report, which was typed on letterhead from the Texas Department of Public Safety and introduced as part of Exhibit 12, does contain the following statement: "ACCREDITED BY THE AMERICAN SOCIETY OF CRIME LABORATORY DIRECTORS – LAB ACCREDITATION BOARD."

Appellant argues that the certificate is not in substantial compliance with the statute. At trial, Appellant objected to the certificate on the ground that the Texas Department of Public Safety is not a nationally recognized board. After the trial court examined the documents and confirmed the laboratory case number on the certificate of analysis and the attached DPS laboratory report were the same, the exhibit was admitted into evidence. During the charge conference, Appellant requested a jury instruction on whether the jury should be permitted to consider the certificate of analysis, which the trial court denied.

Article 38.41, § 4 provides in relevant part:

> [n]ot later than the 20th day before the trial begins in a proceeding in which a certificate of analysis . . . is to be introduced, the certificate must be filed with the clerk of the court and a copy must be provided . . . to the opposing party. The certificate is not admissible under Section 1 if, *not later than the 10th day before the trial begins, the opposing party files a written objection to the use of the certificate* with the clerk of the court and provides a copy of the objection . . . to the offering party.

(Emphasis added). The State filed its Notice of Filing of Certificate of Analysis, the certificate, and the DPS drug analysis laboratory report with the trial court clerk on January 31, 2007. The certificate of service recites that defense counsel was served with a copy on that date. Trial commenced on July 18, 2007. There is nothing in the record to show that Appellant filed a written objection ten days before the trial began. By failing to timely file a written objection, Appellant has not preserved his contention for review. *See* Tex. R. App. P. 33.1(a). *See also Deener v. State*, 214 S.W.3d 522, 526 (Tex.App.–Dallas 2007, pet. ref'd) (concluding that by failing to file a timely written objection to a certificate of

13

analysis, the defendant forfeited his constitutional right to confront witnesses against him under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)). Issue three is overruled.

**Discovery Order**

By issue four, Appellant contends he was denied due process and a fair trial by the trial court's refusal to enforce its own Order of Discovery and allowing testimony of witnesses and expert witnesses when same had not been disclosed by the State as subject to its intention to be called at trial. We disagree.

Pursuant to Appellant's Motion for Discovery and article 39.14 of the Texas Code of Criminal Procedure, the trial court signed a discovery order requiring the State to "produce and permit counsel for Defendant to inspect," among other items, a list of names and addresses of all witnesses and expert witnesses the prosecution intended to call at trial. When the State called its first witness to the stand, defense counsel objected to any State witnesses claiming no notice of witnesses had been provided as required by the discovery order. The State responded by reminding the trial judge of the State's open-file policy which the trial judge had previously found sufficient to cover any discovery motions and which defense counsel had agreed to. Defense counsel argued that the open-file policy was insufficient and did not cover notice on witness lists. He further argued:

> they remove their work product before they allow us to see it – and an intention of who they intend to call. That is a work product issue which is

14

discoverable by the motion. And the only way we can get it is through the motion.

In response, the State remarked that this was a three-witness case, two officers and the person who tested the narcotics, and that the parties had engaged in a discussion to that effect the Friday before trial.

Initially, we address defense counsel's argument that the discovery order entitled Appellant to work product. Article 39.14 of the Texas Code of Criminal Procedure specifically excludes discovery of the prosecuting attorney's work product. Moreover, Appellant did not argue at trial nor does he argue on appeal that he suffered actual prejudice by the State's open-file policy. No allegations of unfair surprise or inability to effectively cross-examine any of the witnesses were made. *See Heiselbetz v. State*, 906 S.W.2d 500, 511-512 (Tex.Crim.App. 1995). *See also Ross v. State*, 133 S.W.3d 618, (Tex.Crim.App. 2004). Neither did defense counsel move for a continuance. *Cf. Heiselbetz*, 906 S.W.2d at 511. Additionally, there is nothing in the record to establish whether defense counsel did or did not avail himself of the State's open-file policy. *See Vega v. State*, 898 S.W.2d 359, 361-62 (Tex.App.–San Antonio 1995, pet. ref'd).

Considering that the discovery order did not specify the time, place, and manner of inspecting documents as required by article 39.14, we find that under the circumstances of this case, the State's open-file policy was sufficient to satisfy the requirements of the order. We conclude there was no refusal by the trial court to enforce its discovery order

15

and that Appellant's rights were not violated by the trial court permitting the State's witnesses to testify. Issue four is overruled.

## Legal and Factual Sufficiency of Drug-free Zone Enhancement

By issues five and six, Appellant asserts the evidence is legally and factually insufficient to support the enhancement provision that he possessed marihuana in a drug-free zone. Specifically, he contends the State never offered proof delineating the real property necessary for a determination that he committed the offense in a drug-free zone nor proof of the nature of the property relationship necessary for a determination that he committed the offense in a drug-free zone. Appellant does not, however, challenge the sufficiency of the evidence to support possession. Relying on § 481.135 of the Texas Health and Safety Code, which allows the State to introduce a map produced or reproduced by a municipal or county engineer for establishing the location and boundaries of a drug-free zone, and the fact that the State did not offer such a map, Appellant maintains the State failed to meet its burden. We disagree.

The State was required to prove that Appellant intentionally and knowingly possessed the stated quantity of marihuana within 1,000 feet of real property that is owned, rented, or leased by a school or school board. *See* Tex. Health & Safety Code Ann. §§ 481.121(b)(3) (Vernon 2003) and 481.134(d)(1) (Vernon Supp. 2008).

16

In determining the legal sufficiency of the evidence to support proof of punishment enhancement, we determine whether a rational trier of fact could have found beyond a reasonable doubt that the enhancement provision is true. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007); *Coleman v. State*, 145 S.W.3d 649, 652 (Tex.Crim.App. 2004). In conducting a factual sufficiency review, we view the evidence in a neutral light and reverse only if we conclude, from some objective basis in the record, that the great weight and preponderance of evidence contradicts the fact finder's determination. *Watson v. State*, 204 S.W.3d 404, 414, 417 (Tex.Crim.App. 2006). In conducting our review, we must discuss the evidence that the appellant contends most undermines the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). The principles of *Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App. 1997), apply equally to the affirmative findings necessary to sustain the imposition of an enhancement provision. *See Young v. State*, 14 S.W.3d 748, 750 (Tex.Crim.App. 2000).

We must determine whether a rational trier of fact could have found beyond a reasonable doubt that Appellant possessed marihuana within 1,000 feet of real property that is owned, rented, or leased by a school or school board. Officer Martinez testified that he measured the distance between where Appellant was arrested and a nearby school, San Jacinto Elementary School. Diagraming the straight line distances from where Appellant was arrested to San Jacinto Elementary School, of 182 feet in one direction and 725 feet in another direction, with the two directions being at a right angle to one another, and then

17

calculating the hypotenuse, Martinez testified that the distance between where Appellant was arrested and the school was approximately 747 feet.

Appellant argues that the State was required to provide a sufficient description by which the land may be identified, i.e., monuments, maps and lot numbers, stated occupancies, metes and bounds, or quantity, and that its "straight line distance" is insufficient to support enhancement of punishment.

The State is not required to admit into evidence deeds or maps showing that a location is school property. *See Fluellen v. State*, 104 S.W.3d 152, 159-60 (Tex.App.–Texarkana 2003, no pet.). The State may rely on any other evidence or testimony to establish any element of an offense for which punishment is increased under § 481.134. *See* § 481.135(d)(1). *See also Fluellen*, 104 S.W.3d at 160. Additionally, the name of the premises alone may be sufficient to raise a presumption that the property is a private or public school. *Id.* at 754. Officer Martinez's testimony that Appellant was arrested within 1,000 feet of San Jacinto Elementary is legally and factually sufficient to support punishment enhancement for possession of marihuana in a drug-free zone. Issues five and six are overruled.

**Right to Confrontation of Witnesses**

By issue seven, Appellant asserts he was denied his right to confront witnesses against him through the introduction of hearsay testimony regarding the county where the offense was alleged to have occurred. We disagree.

While establishing venue during direct examination of both officers, the prosecutor asked which county San Jacinto Park was located in to which both responded, "Potter County." Defense counsel objected to both officers' testimony based on hearsay and took the witnesses on voir dire to determine the basis of their knowledge of the location of the park. Officer Martinez testified that he had knowledge of the Potter County boundaries from a sign on the freeway. Officer Chappel testified that his knowledge was based on a map and his experience working north of Interstate 40, which is Potter County. Appellant argues that because the sign relied upon by Martinez and the map relied upon by Chappel were nothing more than some other person's representations, then Martinez's and Chappel's testimony were hearsay. He then argues that the trial court's admission of this hearsay testimony denied him the right to confront the person who originally declared the boundaries of Potter County.

Venue in a criminal case need only be proven by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 2005). Proof of venue may be established through direct or circumstantial evidence. *Hernandez v. State*, 198 S.W.3d 257, 268

(Tex.App.–San Antonio 2006, pet. ref'd).  Additionally, admission of evidence is reviewed for abuse of discretion.  *McDonald v. State*, 179 S.W.3d 571, 576 (Tex.Crim.App. 2005).

Hearsay is a statement made by someone other than the witness, offered in evidence to prove the truth of the matter asserted.  Tex. R. Evid. 801(d).  The testimony of Officers Martinez and Chappel to the effect that San Jacinto Park is located in Potter County is not hearsay.  Here, the officers were merely testifying from their personal knowledge and that testimony was subject to cross-examination.  This evidence was sufficient for a jury to find by a preponderance of the evidence that venue of the offense was Potter County.  We conclude the trial court did not abuse its discretion in admitting either officers' testimony regarding venue.  Issue seven is overruled.

## Conclusion

Having overruled all seven of Appellant's issues, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.