**Elvin WILKERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–00779–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 10, 1996.

Published in Part Pursuant
to Tex. R. App. P. 90.

Tony Aninao, Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before TAFT, COHEN and HEDGES, JJ.

## OPINION

TAFT, Justice.

A jury found appellant, Elvin Wilkerson, guilty of delivery of a controlled substance, cocaine, weighing less than 28 grams as a second offender. The jury sentenced him to 30 years in prison and assessed a $1,000 fine. We address the admissibility of a co-defendant's statements made during the course of the offense and whether the trial court's denial of a charge requiring the jury not to consider illegally seized evidence is harmless. We affirm.

### Facts

On January 28, 1994, the Houston Police Department's Narcotics Division was conducting a city-wide undercover effort to arrest street level narcotics dealers. Officers Spjut and Cargill met with a confidential informant, who told them where they could buy drugs. Officers Spjut and Cargill, the informant, an arrest team, and a surveillance team proceeded to the 4900 block of Wilmington to make a buy. Officers Spjut and Cargill were dressed in plain clothes. Officer Spjut wore a listening device so the surveillance team could hear his conversations. Officer Spjut and the informant approached appellant's front door. Appellant answered the door and let them in his house.

There were three people in the house. Officer Spjut told appellant that he wanted to score a $20 rock of cocaine. Appellant refused to deal with Spjut because he did not know Spjut. However, appellant offered to sell drugs to the informant and asked Officer Spjut to leave the house. Spjut protested. During that time, Patricia Lusk announced to Spjut that she was appellant's partner and agreed to take Spjut's $20. Spjut handed Lusk the $20. Then appellant removed a plastic pill bottle from his pocket, removed a piece of crack cocaine from it and handed the rock to the informant, who gave it to Spjut.

Spjut gave a signal to the surveillance team indicating he had made the buy. The arrest team entered the apartment. Appellant and Lusk ran toward the back of the room with Lusk yelling, "Flush the dope." The arresting officers placed everyone under arrest, including Spjut and the informant. The officers found a plastic vial with cocaine residue in it in appellant's house.

### Co-Defendant's Statements

■ In appellant's second and third points of error, he complains that the trial court committed reversible error by overruling his hearsay objections to Officer Spjut's testimony regarding statements made by Patricia Lusk. The admission of Lusk's statements will be upheld if they are admissible under any theory. *See Spann v. State,* 448 S.W.2d 128, 130 (Tex.Crim.App.1969).

### A. Not Hearsay—Excited Utterance

■ Appellant's second point of error is based on Spjut's testimony that while he was in appellant's house with the informant, the arrest team entered the premises. Appellant and Lusk then ran to the back bedrooms with Lusk saying, "Flush the dope, flush the dope." This statement is not hearsay under

Tex.R.Crim.Evid. 803(2). The availability of the witness is immaterial under rule 803. An excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress or excitement caused by the event or condition." Tex. R.Crim.Evid. 803(2).

The startling event was the arrest team's approaching and entering the house. The statement was made while Lusk and appellant ran toward the back of the house in an attempt to destroy the evidence before the arrest team could seize it. The circumstances indicate that Patricia Lusk was under the stress or excitement caused by the approaching arrest teams at the time of making the statement. The statement was made contemporaneously with the startling event. The trial court did not err in overruling appellant's hearsay objections.

## B. Not Hearsay—Manifestation of Adoption

■ Appellant's third point of error is based on Officer Spjut's testimony that appellant let him and the informant into appellant's home. Appellant refused to sell drugs to Spjut because he did not know Spjut. Then Patricia Lusk pointed to appellant and said, "I'm his partner. Give me the money. I'll take the $20. I'll take it." Spjut handed Lusk the $20. The "I'm his partner" statement is classified as not hearsay under Tex. R.Crim.Evid. 801(e)(2)(B). The rule provides:

A statement is not hearsay if: The statement is offered against a party . . . and is a statement of which he has manifested his adoption of belief in its truth.

Tex.R.Crim.Evid. 801(e)(2)(B).

Appellant manifested his adoption of belief in Lusk's statement by handing the rock of cocaine to the informant, who then handed it to Spjut. Appellant's cooperation with Lusk in the drug transaction manifested his adoption of the statement that Lusk was his partner. Therefore, this statement is not hearsay.

## C. Not Hearsay—Co–Conspirator Statements

Additionally, neither the "I'm his partner" nor the "Flush the dope" statement is hearsay because they are statements by a co-conspirator. See Tex.R.Crim.Evid. 801(e)(2)(E). Appellant contends that the trial court erred by admitting testimony of an out-of-court declaration made by his accomplice implicating him in the offense. He argues that there is no evidence of a conspiracy and that the statements cannot be viewed as having been made "in furtherance of the conspiracy" as required by Tex. R.Crim.Evid. 801(e)(2)(E). We disagree with both arguments.

Texas Rule of Criminal Evidence Rule 801(e)(2)(E) provides:

A statement is not hearsay if . . . (2) the statement is offered against a party and is (E) a statement by a co-conspirator of a party during the course and in the furtherance of the conspiracy.

Tex.R.Crim.Evid. 801(e)(2)(E).

■ Where two or more persons participate in the commission of a felony, the co-conspirator exception to the hearsay rule is applicable. Roy v. State, 608 S.W.2d 645, 651 (Tex.Crim.App.1980). Declarations of one conspirator may be used against another conspirator if the declaration occurred during the course of the conspiracy. Id.

■ The existence of a disputed conspiracy must be proved by a preponderance of the evidence. Bourjaily v. United States, 483 U.S. 171, 175, 107 S.Ct. 2775, 2778–89, 97 L.Ed.2d 144 (1987); Callaway v. State, 818 S.W.2d 816, 831 (Tex.Civ.App.—Amarillo 1991, pet. ref'd). It may be established by direct or circumstantial facts and may be inferred from the evidence. Bourjaily, 483 U.S. at 175, 107 S.Ct. at 2778–89; Callaway, 818 S.W.2d at 831. A conspiracy includes everything within the contemplation of the conspirators, and a conspiracy is terminated only after every act subsequent to the commission of the offense within the plan and breadth of the conspiracy has been performed. Callaway, 818 S.W.2d at 831.

The evidence demonstrates that a conspiracy existed between appellant and Lusk. Proof that they were acting together selling the drugs is by itself sufficient to establish a conspiracy. *See Roy*, 608 S.W.2d at 651. The court was entitled to rely on Officer's Spjut's testimony as evidence of a conspiracy. *See id.* Contrary to appellant's contentions that the conspiracy must be established independent of declarations, hearsay statements may be considered by the trial court in determining whether evidence is admissible under the co-conspirator rule, unless the rules of privilege dictate otherwise. *Bourjaily*, 483 U.S. at 180, 107 S.Ct. at 2781.

Lusk's statement that she was appellant's partner and would take Spjut's money to facilitate the drug transaction was in furtherance of appellant's and Lusk's conspiracy to sell cocaine. Appellant's conduct in handing the drugs to the informant in response to Lusk's acceptance of Spjut's money was also in furtherance of the conspiracy.

In regard to the "Flush the dope" statement, running to the back of the house to destroy evidence was in furtherance of the conspiracy. Appellant's and Lusk's agreement to be partners in selling cocaine was not terminated simply because they were seeking to destroy evidence. This act may fairly be considered within the breadth and in furtherance of the conspiracy. In order to continue selling drugs, appellant and Lusk needed to avoid arrest. *See Denney v. State*, 558 S.W.2d 467, 469 (Tex.Crim.App.1977).

Accordingly, based on the co-conspirator theory as well as the foregoing reasons, we overrule appellant's second and third points of error.

## Jury Charge to Disregard Evidence Unlawfully Seized

In appellant's fourth point of error, he contends the trial court committed reversible error by denying his request for a jury instruction pursuant to article 38.23 of the Texas Code of Criminal Procedure that the jury was to disregard any evidence taken or seized in violation of the laws of the State of Texas or of the United States.

### A. Preservation

Appellant preserved error on this point. Appellant filed a motion to suppress the cocaine as the fruits of an unlawful detention. Appellant objected to the admission of the cocaine based on his motion to suppress at the time the cocaine was offered into evidence. Then, before the court read the charge to the jury, appellant objected to the failure of the charge to include an article 38.23 instruction. Appellant explained that if his testimony was to be believed, then the State had abridged his Fourth Amendment rights. Appellant testified that no drug transaction occurred. Appellant's testimony conflicted with Officer Spjut's testimony that probable cause for the arrest and subsequent search was created by the commission of a felony, the drug transaction, in the officer's presence. Appellant argued that this conflict in the evidence entitled him to the article 38.23 charge.

Appellant's testimony differs significantly from the State's version of the facts as set out in the summary of facts above. Appellant testified the drug transaction mentioned above never occurred. According to his testimony, the scenario could not have transpired as the officers testified because Patricia Lusk was not in his house at the time of the alleged drug transaction.

### B. Standard of Review

Article 38.23 requires the trial judge to instruct the jury to disregard incriminating evidence used against the defendant at trial if the jury believes or has reasonable doubt that the evidence was unlawfully seized. *Malone v. State*, 899 S.W.2d 256, 260 (Tex.App.—Houston [14th Dist.] 1995, pet. granted on other grounds). The issue of whether the evidence was obtained illegally may be raised by any source, and may be strong, weak, contradicted, unimpeached, or unbelievable. *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim.App.), *cert. denied*, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993). No instruction is required when the evidence fails to raise a fact question as to the legality of the State's methods in obtaining the evidence. *Thomas v. State*, 723 S.W.2d 696, 707 (Tex.Crim.App.1986).

If the jury believed appellant, there was no probable cause; thus, the plastic vial containing cocaine residue found in appellant's house as well as the .2 grams of crack cocaine delivered in the drug transaction would be inadmissible. Therefore, we find appellant was entitled to an article 38.23 charge.

## C. Harm

Because appellant objected, we must reverse unless the error was harmless. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim.App.1984), *cert. denied,* 481 U.S. 1019, 107 S.Ct. 1901, 95 L.Ed.2d 507 (1987). The actual degree of harm must be determined in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *See id.*

Appellant argues that he was harmed, because the trial court's charge did not provide any guidance to the jurors in the event they found the search and arrest by the police officers were illegal. He claims the jury was effectively precluded from giving effect to the defense raised in his own testimony. However, he does not direct this Court to any part of the record to support this theoretical harm argument.

In this case, the evidence showing probable cause was exactly the same as that proving the offense charged. Thus, in order to find appellant guilty of delivery of a controlled substance, the jury must have rejected appellant's testimony that no drug transaction occurred. The jury must have believed Officer's Spjut's testimony that Lusk was appellant's partner, that Lusk accepted Spjut's money, and that appellant handed the cocaine to the informant, who then handed it to Spjut.

Even if the jury had disregarded the vial of cocaine residue seized in the subsequent search of appellant's home, it would not affect appellant's conviction for delivery of a controlled substance under 28 grams, since the delivery preceded the search. The search after the drug transaction only revealed an empty plastic vial containing cocaine residue. That evidence was not necessary for defendant's conviction.

Contrary to appellant's argument, the jury was not precluded from giving effect to the defense that appellant raised in his testimony. The jury was free to accept appellant's testimony and return a verdict of not guilty. Instead, the jury chose to believe Officer Spjut's conflicting testimony that the drug transaction did occur. There is no evidence in the record, or argument by appellant, that leads this Court to believe the jury would have given appellant's testimony about probable cause any more credence than his testimony denying his guilt. The two were the same. Nor do we have any reason to believe the mere presence of an article 38.23 charge would have caused the jury to give more credence to appellant's testimony. We hold appellant has not met his burden of showing some actual harm from the trial court's denial of his requested instruction. Accordingly, we overrule appellant's fourth point of error.

The remainder of this opinion does not meet the standards for publication under Tex.R.App.P. 90(c) and thus is ordered not published.

We affirm the trial court's judgment.