COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-472-CR

 

 

KRISTINA MARIE ROMERO                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Kristina Marie
Romero appeals from her conviction for driving while intoxicated.  In two points, she contends that the trial
court erred by refusing to give the jury an article 38.23 instruction and
abused its discretion by allowing the State=s intoxilyzer expert to answer a hypothetical question that required
the expert to employ the science of retrograde extrapolation over appellant=s rule 403 objection.  We
affirm.








Just before 2 a.m. on July
25, 2003, Officer Greg Prickett pulled over appellant after following her and
observing her driving Aerratically.@  After talking to appellant and
having her perform several field sobriety tests, Officer Prickett arrested
appellant for suspected driving while intoxicated.  Appellant subsequently took two breath tests,
which measured her blood alcohol concentration (BAC) at .126 and .122
respectively.  Appellant was charged with
and subsequently convicted of driving while intoxicated. 

Article 38.23 Instruction

In her first point, appellant
contends that the trial court erred by failing to include an article 38.23
instruction in the jury charge because she raised a fact issue as to the
legality of the traffic stop.  Tex. Code Crim. Proc. Ann. art. 38.23
(Vernon 2005).  According to appellant,
the videotape of the stop shows that appellant did not turn abruptly or drive erratically
as testified to by Officer Prickett.








Article 38.23 states that, in
any case in which the evidence raises a fact issue as to whether it was
obtained in violation of any provisions of the United States Constitution or
laws of the State of Texas, Athe jury shall be instructed that if it believes, or has a reasonable
doubt, that the evidence was obtained in violation of the provisions of this
Article, then . . . the jury shall disregard any such evidence so obtained.@  Id.; Garza v. State,
126 S.W.3d 79, 85 (Tex. Crim. App. 2004). 
AA fact issue about whether evidence was legally obtained may be raised
>from any source, and the evidence may be strong, weak, contradicted,
unimpeached, or unbelievable.=@  Garza, 126 S.W.3d at 85
(citing Wilkerson v. State, 933 S.W.2d 276, 280 (Tex. App.CHouston [1st Dist.] 1996, pet. ref=d)).  An article 38.23
instruction must be included in the jury charge only if there is a factual
dispute about how the evidence was obtained. 
Id.








Here, Officer Prickett
testified that he noticed appellant because she changed lanes without
signaling, then turned abruptly.  He
noticed that appellant was driving Aa little erratically@ and at one point was Astraddling the lane marker.@  He also testified that A[i]t [the car] wasn=t signaling . . . [and it] was making abrupt turns.@  On cross-examination, Officer
Prickett testified that Athe first
turn, which I don=t believe
was on video tape, if I remember correctly, [appellant] changed lanes, and then
turned without signaling.  And it was all
very abrupt.  That=s what brought my attention to her in the first place.@  He further testified that
after his initial observation of appellant, she turned again abruptly without
signaling until the last minute.  In
response to questioning, Officer Prickett clarified that in the first turn,
appellant Adid not
signal a hundred feet prior to the turn which was required by state law,
which  is . . . a traffic violation.@  Then she abruptly turned onto
northbound Bernard Street.  Officer
Prickett explained that A[a]bruptly
turning means that she waited until the last minute to turn, and it was done in
an abrupt manner.@ 

In his affidavit requesting
an arrest warrant, Officer Prickett averred that on July 25, 2003, he Aobserved a maroon Jeep SUV turning abruptly at eastbound 800 Eagle
Dr., Denton onto northbound Bernard St. 
The vehicle then made the block and while southbound at 800 Welch St.
failed to maintain a single lane, straddling the white line divider.  [Officer Prickett] then initiated a traffic
stop at 1000 Eagle Dr.@ 

The videotape of the stop
appears to start as appellant is driving on northbound Bernard.  The tape shows appellant turning left very
quickly after signaling.  As appellant is
traveling westbound, she applies her brakes twice in the middle of the road,
slowing down.  She then slows for a stop
sign and activates her turn signal.  The
video shows that after appellant turns left (southbound), she crosses or Astraddles@ the white
line in the center of the road.  She then
turns left again, at which point Officer Prickett activates his lights.  Appellant then turns right into an apartment
parking lot.













We hold that the videotape
does not raise a fact issue as to the legality of the stop.  Officer Prickett testified that appellant
committed a traffic violation when he first saw her driving:  she failed to signal within 100 feet of
changing lanes.  See Tex. Transp. Code Ann. ' 545.104(b) (Vernon 1999); Tyler v. State, 161 S.W.3d 745, 748
(Tex. App.CFort Worth
2005, no pet.) (AWhen a
traffic violation is committed in an officer=s presence, the officer has probable cause to lawfully stop and arrest
or detain the violator.@).  Appellant=s first turn as described by Officer Prickett is not shown on the
videotape, and there is no evidence contradicting Officer Prickett=s testimony.  Furthermore, the
remainder of the stop as shown on the videotape is consistent with Officer
Prickett=s testimony.  Although it is
arguable whether the last two turns appellant made could be interpreted as
being Aabrupt,@ the first
turn shown on the videotape does appear to be Aabrupt@ in that the
time between appellant=s signaling
and turning is very short.  In addition,
the videotape confirms Officer Prickett=s testimony that appellant Astraddled@ the white
dividing line when she turned southbound onto Welch.  See James v. State, 102 S.W.3d 162,
172 (Tex. App.CFort Worth
2003, pet. ref=d) (AErratic . . . driving may furnish a sufficient basis for a reasonable
suspicion that [a] driver is intoxicated even absent evidence of violation of a
specific traffic law.@); cf.
Tyler, 161 S.W.3d at 749 (holding that Aappellant=s act of
moving out of his lane of traffic, >straddling= the white
line separating the traveling lane from the shoulder, and >erratically= re‑entering
his lane of traffic at an angle was unsafe and therefore a violation of section
545.060(a).@).  The videotape does not raise a fact issue as
to whether Officer Prickett had probable cause to stop appellant.  Thus, we hold that the trial court did not
err by denying appellant an article 38.23 instruction.  See Estrada v. State, 30 S.W.3d 599,
605 (Tex. App.CAustin 2000,
pet. ref=d).  We overrule appellant=s first point.

Admissibility of Expert
Testimony Under Rule 403

In her second point,
appellant contends that the trial court abused its discretion by allowing the
State=s intoxilyzer expert to answer the following hypothetical
question:  AIf you assume that a 125 pound woman had a tuna sub at 7 p.m. and had
one shot of vodka at 9 p.m., is there any way that that person would have a
.126 and a .122 five hours later?@[2]  The expert answered no.  Appellant contends that the probative value
of the testimony was substantially outweighed by the danger of unfair prejudice
because the expert had to employ the science of retrograde extrapolation to
answer the question and was Ashort on the Mata factors.@  See Tex. R. Evid. 403; Mata v. State,
46 S.W.3d 902 (Tex. Crim. App. 2001).








Mata involved the reliability of retrograde extrapolation evidence.  Mata, 46 S.W.3d at 904.[3]  We note that although appellant complains in
her point that the State=s expert was
Ashort@ on the Mata
factors required to establish the expert=s reliability for purposes of giving retrograde extrapolation
testimony, even a liberal construction of her point does not include the
complaint that the State=s expert was
unqualified to answer the question under rule 702 because appellant has not
challenged the retrograde extrapolation testimony that the expert later
provided.  See Tex. R. App. P. 38.9; Tex. R. Evid. 403, 702.  In addition, the analysis of this point in
appellant=s brief is
structured in terms of the test for admissibility under rule 403, rather than
rule 702.  Tex. R. Evid. 702; Mata, 46 S.W.3d at 908; Kelly v.
State, 824 S.W.2d 568, 572-73 (Tex. Crim. App. 1992).  Thus, we will analyze appellant=s issue under rule 403.  Tex. R. Evid. 403.








A proper rule 403 analysis
includes, but is not limited to, four factors: 
(1) the probative value of the evidence; 
(2) the potential to impress the jury in some irrational yet indelible
way;  (3) the time needed to develop the
evidence;  and (4) the proponent=s need for the evidence.  State
v. Mechler, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005).  In reviewing the trial court=s determination of the probative and prejudicial value of evidence
under rule 403, we will reverse the trial court only upon an abuse of
discretion.  Id. at 439.  But reviewing for abuse of discretion in this
context requires more than deciding that the trial judge did in fact conduct
the required balancing between probative and prejudicial values; the trial
court=s determination must be reasonable in view of all relevant facts.  Rachal v. State, 917 S.W.2d 799, 808
(Tex. Crim. App.), cert. denied, 519 U.S. 1043 (1996).  Accordingly, if the record reveals that the
probative value of the tendered evidence is substantially outweighed by unfair
prejudice, then the trial court acted irrationally in admitting it and abused
its discretion.  Id. 

We will examine the first and
fourth factors together:  how
compellingly the evidence serves to make a fact more or less probable and the
State=s need for the evidence.  Here,
appellant contends that the evidence was of little probative value because the
State=s expert was Ashort on the
required factors listed in Mata,@ yet used the science of retrograde extrapolation to call appellant a
liar.  According to appellant, whether
her BAC at the time of testing could have resulted from the facts she told the
officer (that she ate a tuna sub at 7 p.m. and had one shot at 9 p.m.) is
irrelevant to the issue of whether or not she was intoxicated under either the
per se or impairment definitions.













The State was not required to
present retrograde extrapolation evidence to prove that appellant was
intoxicated at the time of driving; the court of criminal appeals has held that
intoxilyzer results are probative without retrograde extrapolation
testimony.  Mechler, 153 S.W.3d at
440; Stewart v. State, 129 S.W.3d 93, 97 (Tex. Crim. App. 2004).  In addition, although the fact that appellant
lied to Officer Prickett about whether she had drunk alcohol that night is
evidence that she had done so, it does not show how much she drank or how much
she would have had to drink to be impaired. 
Moreover, the State did not need this testimony to prove that appellant
lied to Officer Prickett.  A review of
the videotape of the stop shows that appellant told Officer Prickett at least
twice that she had not had anything to drink that night.  She later told him she had had one shot at
the bar.  But her breath test results
taken approximately one hour later are evidence that she was intoxicated, and a
preliminary breath test that Officer Prickett gave her at the scene showed that
she had been drinking alcohol.[4]  In addition, Officer Prickett testified that
appellant=s eyes were
bloodshot and watery, her speech was slurred, he smelled alcohol on her breath,
and she exhibited Aclues@ for intoxication as a result of the sobriety tests he
administered.  Appellant also gave
Officer Prickett different accounts of why she was upset and where she was
going.  Therefore, we conclude that the
testimony had little probative value regardless of the extent to which the
witness was qualified under Mata and that the State did not have a great
need for the evidence.  These two factors
weigh in appellant=s favor.

The second factorCthe testimony=s potential
to impress the jury in some irrational yet indelible wayCfocuses on the danger of Aunfair prejudice.@  Mechler, 153 S.W.3d at
440.  A>Unfair prejudice= refers only
to relevant evidence=s tendency
to tempt the jury into finding guilt on grounds apart from proof of the offense
charged.@  Id.  Here, evidence that appellant lied to Officer
Prickett about whether and how much alcohol she had drunk and when, although
prejudicial to appellant, is evidence that she had been drinking alcohol, which
is an element of the charged offense.  See
id. Furthermore, the time needed to develop the evidence was minimal and
would not have distracted the jury from its consideration of the charged
offense.  See id.  Thus, we conclude that the second and third
factors weigh in favor of the State.








In close cases, we should
favor the admission of relevant evidence. 
Salazar v. State, 90 S.W.3d 330, 338 (Tex. Crim. App. 2002); Montgomery
v. State, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on reh=g) (emphasizing that rule 403 excludes evidence if its probative value
is substantially outweighed by danger of unfair prejudice).  Here, the probative value of the evidence and
the State=s need for
it are minimal.  But the danger of unfair
prejudice is minimal as well.  As such,
we cannot conclude that the trial court=s admission of the evidence was outside the Azone of reasonable disagreement.@  Montgomery, 810 S.W.2d
at 391.  Accordingly, we hold that the
trial court did not abuse its discretion in admitting the evidence over
appellant=s rule 403
objection.

Moreover, even if the trial
court had abused its discretion in admitting the evidence, we do not believe
appellant was harmed by the admission of the evidence.  See Tex.
R. App. P. 44.2(b); King v. State, 953 S.W.2d 266, 271 (Tex.
Crim. App. 1997).  The complained-of
evidence is essentially cumulative of other evidence that showed appellant was
untruthful with Officer Prickett about whether she had drunk alcohol that
night.  See Bagheri v. State, 119
S.W.3d 755, 763 (Tex. Crim. App. 2003). 
The State discussed the evidence in closing argument,  but it did so briefly and did not emphasize
it over any other evidence.  See id.  In addition, considering the entire record,
there is ample evidence of probative character that appellant committed the
offense of driving while intoxicated under either the per se or impairment
theories as charged.  See id.;
Motilla v. State, 78 S.W.3d 352, 355-56 (Tex. Crim. App. 2002).  We overrule appellant=s second point.








Having overruled both of
appellant=s points, we
affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 6, 2005











[1]See Tex. R. App. P. 47.4.





[2]Appellant
told Officer Prickett twice that she had not had anything to drink that night;
later she told him that she had had one shot. 
She also told Officer Prickett that the last thing she had to eat was a
tuna sub at 7 p.m.





[3]Retrograde
extrapolation is the computation back in time of a person's BAC.  Id. at 908‑09.  In a DWI case, it is used to determine the
BAC at the time of driving based on test results obtained at a later time.  Id. 
We note that here the expert did not have to employ retrograde
extrapolation to answer the question. 
Instead of using appellant=s BAC at the time of the
breath test to compute appellant=s blood-alcohol level at the
time of driving, the State=s expert was asked to
determine whether certain characteristics of appellantCbased
on appellant=s
answers to Officer Prickett during the stopCcould have resulted in her
eventual test results.  But the science
involvedCthe
rate at which the body absorbs and eliminates alcoholCis
essentially the same.  See generally
id. at 909.  





[4]The
breath test administered at the stop only tested for the presence of alcohol on
the breath; it did not provide a specific BAC measurement.