

# NUMBER 13-08-00107-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MELVIN CARTER,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 319th District Court of Nueces County, Texas.**

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Garza

Appellant, Melvin Carter, was charged by indictment with unlawful possession of

less than 200 grams but more than four grams of cocaine, a second-degree felony.[1] *See*

---

[1] Carter was re-indicted on April 26, 2007. Included in the new indictment was a paragraph detailing Carter's two previous felony convictions for robbery on July 14, 2000, and unlawful possession of cocaine on May 2, 2003. The indictment noted that the conviction for unlawful possession of cocaine transpired after the robbery conviction became final. *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2008) ("[I]f it is shown on the trial of a felony offense . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment . . . for life, or

TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (Vernon 2003); *id.* § 481.102(3)(D) (Vernon Supp. 2008) (listing cocaine in the "Penalty Group 1"). A Nueces County jury found Carter guilty of the offense. After pleading "true" to the enhancement paragraph in the indictment, the jury sentenced Carter to thirty years' confinement in the Texas Department of Criminal Justice-Institutional Division with no fine. By two issues, Carter contends that: (1) the trial court erred in failing to include an instruction in the jury charge pertaining to evidence obtained in violation of article 38.23 of the code of criminal procedure, *see* TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005); and (2) the prosecutor engaged in misconduct by referencing an inadmissible extraneous offense in his opening statement during the punishment phase of the trial. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On the evening of October 26, 2006, Corpus Christi Police Department Officers Matt Harmon and Kevin Felt were searching Leopard Street in Corpus Christi, Texas, for a possible witness in a murder case. As they were patrolling Leopard Street, the officers discovered a silver Ford F-150 pickup truck backed in between two buildings at the Economy Motel. Officer Felt testified that the parking spot was suspicious because that was where the motel kept its trash cans, mops, and other things used for cleaning the motel. Two females, whom the officers believed to be prostitutes, were speaking to the passengers of the truck when the officers arrived. The officers, wanting to speak to the two females and the passengers of the truck about the whereabouts of the witness, pulled their police cruiser in front of the silver truck. Carter, the driver of the truck, attempted to quickly flee the scene upon seeing the police cruiser, but the police cruiser blocked his escape.

for any term of not more than 99 years or less than 25 years.").

2

Carter then stopped the truck.

The police officers, now suspecting that the passengers of the truck were soliciting prostitutes, exited the police cruiser and attempted to contact the truck passengers. As the police officers approached the truck, they observed Carter place a white substance in his mouth. Based on his experience and training, Officer Harmon believed the white substance to be cocaine. Officer Harmon immediately instructed Carter to take the object out of his mouth. Carter complied and placed the object inside a pair a folded pants that were on the seat beside him. Believing that Carter was in possession of cocaine, Officer Harmon placed Carter under arrest and retrieved the white substance from the folded pants on the car seat.[2] Once Carter was placed under arrest, he became irate and began arguing with the other passenger of the truck, Ezekiel Rogers, alleging that the drugs belonged to Rogers. Carter later calmed down and admitted to the police officers that the cocaine was his. Officer Harmon also searched Carter's wallet and found approximately 1.01 grams of powder cocaine inside the wallet.

Carter was charged by indictment with unlawful possession of cocaine on April 26, 2007. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d); *id.* § 481.102(3)(D). On June 6, 2007, Carter filed a motion to suppress the cocaine seized by the officers, alleging that the detention and seizure of the cocaine were unlawful and in violation of several United States and Texas Constitution provisions and article 38.23 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23. Carter's motion to suppress was denied by the trial court.

---

[2] Texas Department of Public Safety lab tests later proved that the white substance was, indeed, cocaine. Officer Harmon testified that the cocaine retrieved from the folded pants amounted to about 5.71 grams.

Trial commenced on January 22, 2008. After the State rested its case, the following colloquy occurred:

THE COURT: Okay. Are you going to put on—

[Carter's counsel]: May I confer with my client briefly? I'm thinking that we're not going to have any witnesses.

THE COURT: Okay.

[Carter's counsel]: If that's the case, we may need to change the charge. If I can have a few minutes.

THE COURT: Sure. And then as soon as you know, would you let Mr. Skurka [State's counsel] know and you can get the charge.

(Recess)

THE COURT: Okay. The State has rested. I understand the defense is not going to put on any testimony.

[Carter's counsel]: That's correct, Your Honor. We would rest.

THE COURT: Okay. Once the jury comes in, I'll let you all rest and close on the record. And any objections to the charge?

[State's counsel]: The State has no objections to the Court's proposed charge.

[Carter's counsel]: We have no objection either.

The jury subsequently convicted Carter of the underlying offense and sentenced him to thirty years' confinement.

On February 21, 2008, the trial court certified Carter's right to appeal. This appeal followed.

## II. JURY CHARGE ERROR

By his first issue, Carter contends that he was denied a fair and impartial jury trial

because the trial court failed to instruct the jury, pursuant to article 38.23 of the code of criminal procedure, about the lawfulness of the detention and seizure of the cocaine.  *See* Tex. Code Crim. Proc. Ann. art. 38.23.  The State argues that Carter has inadequately briefed this issue and that he failed to demonstrate a contested factual issue entitling him to an article 38.23 jury instruction.  *See id.*

## 1. Standard of Review

Texas Code of Criminal Procedure article 38.23 provides, in relevant part, that, in any case in which the evidence raises a fact issue regarding whether it was obtained in violation of any provisions of the United States Constitution or laws of the State of Texas, "the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then . . . the jury shall disregard any such evidence so obtained."  *Id.* art. 38.23(a); *see Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005) (holding that it is not necessary for a defendant to request an instruction under article 38.23 to preserve error); *see also Bolds v. State*, No. 14-07-00952-CR, 2008 Tex. App. LEXIS 9585, at *6 (Tex. App.–Houston [14th Dist.] Dec. 23, 2008, no pet.) (mem. op., not designated for publication).  The court of criminal appeals recently held that "[a] defendant must establish three foundation requirements to trigger an [a]rticle 38.23 instruction:  (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct . . . ."  *Oursbourn v. State*, 259 S.W.3d 159, 177 (Tex. Crim. App. 2008); *see Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007).

"A fact issue about whether evidence was legally obtained may be raised 'from any

5

source, and the evidence may be strong, weak, contradicted, unimpeached, or unbelievable.'" *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004) (quoting *Wilkerson v. State*, 933 S.W.2d 276, 280 (Tex. App.–Houston [1st Dist.] 1996)). Nevertheless, a court must include an article 38.23 instruction in the jury charge only if there is a factual dispute about how the evidence was obtained. *Id.*

## 2. Discussion

Carter did not testify at trial and offered no witnesses in his defense. Through the cross-examination of Officers Harmon and Felt, Carter suggested that the police did not have reasonable suspicion to detain him and that the reason he attempted to flee the scene was because he believed the police officers to be carjackers. Carter, however, elicited no evidence impeaching the testimony of either Officer Harmon or Officer Felt about their observations regarding Carter's possession of the cocaine and Carter's attempt to swallow the cocaine.

Carter's counsel asked a few questions about Officer Harmon's and Officer Felt's ability to observe his attempt to swallow the cocaine and his placement of the cocaine in the folded pants on the seat. Officer Harmon and Officer Felt both consistently testified that: (1) they were able to observe Carter place a white substance in his mouth; (2) upon commanding Carter to take the white substance out of his mouth, Carter placed the white substance in the folded pants on the car seat; and (3) based on their training and experience, the white substance was cocaine, a controlled substance. Furthermore, both Officer Harmon and Officer Felt testified that they observed Carter parked in a suspicious place—between two buildings where trash, mops, and other motel items were usually kept; that Carter and Rogers appeared to be soliciting two female prostitutes; and that Carter

6

immediately tried to flee the scene upon observing the police cruiser. Because Carter did not elicit any evidence raising a fact question about the lawfulness of the detention and the seizure of the cocaine, we conclude that the trial court did not err in failing to include an article 38.23 instruction in the jury charge. *See Oursbourn*, 259 S.W.3d at 177 (noting that a "factual dispute can be raised only by affirmative evidence, not by mere cross-examination questions or argument") (citing *Madden*, 242 S.W.3d at 513 nn.22-23). Accordingly, Carter's first issue is overruled.

### III. PROSECUTORIAL MISCONDUCT

In his second issue, Carter asserts that the prosecutor engaged in misconduct by making several references to an unsubstantiated extraneous offense in his opening statement during the punishment phase of the trial which constituted impermissible "character conformity" evidence that was "so clearly calculated to inflame the mind of the jury that an instruction to disregard would not have cured the harm." Specifically, Carter complains about the prosecutor's reference to a case of retaliation filed against Carter by Corpus Christi Police Department Officer Eddie Alvarado. The State counters by asserting that Carter has not preserved this issue for appellate review because no objection was made to the trial court.

In order to preserve error in cases of prosecutorial misconduct, the defendant must (1) make a timely and specific objection, (2) request an instruction that the jury disregard the matter improperly placed before it, and (3) move for a mistrial. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Here, Carter's trial counsel failed to object to the prosecutor's references to the retaliation case involving Carter and Officer Alvarado. Because Carter did not make a timely objection to the prosecutor's statements, we

7

conclude that nothing has been preserved for review. *See id.*; *see also* TEX. R. APP. P. 33.1(a)(1); *Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993) (holding that a defendant must make an objection, request an instruction to disregard, and move for a mistrial in order to preserve jury argument error for appellate review); *Carter v. State*, No. 13-07-567-CR, 2008 Tex. App. LEXIS 8967, at **24-28 (Tex. App.–Corpus Christi Nov. 20, 2008, no pet.) (mem. op., not designated for publication) (same). Accordingly, we overrule Carter's second issue.

## IV. CONCLUSION

Having overruled both of Carter's issues on appeal, we affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 12th day of March, 2009.

8