**AFFIRM; and Opinion Filed June 6, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-11-01669-CR**
_____

**GARRETT VOGEL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 8**
**Dallas County, Texas**
**Trial Court Cause No. 07-66820-T**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Murphy
Opinion by Justice O'Neill

Appellant Garrett Vogel appeals his conviction for driving while intoxicated. In a single issue, appellant contends the trial court erred in refusing to instruct the jury regarding whether reasonable suspicion existed to detain him for a DWI investigation. For the following reasons, we affirm the trial court's judgment.

At 1:00 a.m., Officer David Coffie stopped appellant because one of his front headlights was out. According to Coffie, appellant smelled of alcohol. Appellant told the officer he had had a glass of wine or a gin and tonic. Coffie requested a DWI squad-member to investigate appellant for possible DWI. Officer Bryan responded to Coffie's request. Bryan testified appellant smelled strongly of alcohol and that he had blood-shot eyes. Appellant failed the horizontal gaze nystagmus test and the walk-and-turn test. He was unable to perform the one-legged stand. Bryan arrested appellant for DWI.

Appellant testified in his own defense. He claimed he had had two alcoholic beverages earlier that evening. He said he had a gin and tonic at 7:00 p.m. and a glass of wine at 8:00 p.m., followed by dinner. According to appellant, he could not have still smelled of alcohol hours later when he was stopped. To explain his performance on the field sobriety tests, appellant claimed he had been sick that day, had had a recent eye surgery, and was on several medications. He said it was also cold and the ground was uneven.

After the close of evidence, appellant requested an article 38.23 instruction. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). Specifically, he requested the trial court to instruct the jury not to consider evidence of the field sobriety tests unless it first concluded Coffie had reasonable suspicion to detain him for the tests. The trial court refused the instruction, and the jury found appellant guilty of DWI.

On appeal, appellant contends the trial court's refusal to give the article 38.23 instruction was error. Error in failing to include a 38.23 instruction is charge error subject to an Almanza harm analysis. *Atkinson v. State,* 923 S.W.2d 21, 27 (Tex. Crim. App. 1996). We reverse for properly preserved charge error only if there is "some harm" to appellant. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). When considering the actual degree of harm, we examine (1) the entire jury charge, (2) the state of the evidence, including the contested issues and weight of probative evidence, (3) the argument of counsel, and (4) any other relevant information revealed by the record of the trial as a whole. *Almanza,* 686 S.W.2d at 171.

A trial court must give an article 38.23 instruction if the evidence raises a disputed fact issue about whether evidence was lawfully obtained. TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005); *Madden v. State,* 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). According to appellant, the disputed fact issue here was whether Coffie really smelled alcohol on him, a fact he contends was essential to justify the detention. Assuming, without deciding, the trial court

erred in failing to submit this question to the jury, we conclude the record affirmatively demonstrates appellant suffered no actual harm from the alleged error.

As noted above, Coffie testified that appellant smelled of alcohol. Appellant testified this was not possible because he had only two drinks hours earlier. The potential for harm in failing to instruct the jury flows from the possibility that the jury did not believe Coffie's testimony, and instead believed appellant's. But the jury found appellant guilty of DWI, thus finding beyond a reasonable doubt that appellant was intoxicated. The jury could not have believed the very evidence appellant asserts raised a disputed material fact issue and still found him guilty of the offense. Therefore, appellant did not suffer any harm from the failure to give the instruction. *See Porter v. State*, 255 S.W.3d 234, 243 (Tex. App.— Waco 2008, pet. ref'd) (error in denying 38.23 instruction did not cause defendant "some harm" where jury's conviction of appellant for evading arrest or detention showed the jury necessarily found defendant's detention or arrest lawful); *Wilkerson v. State*, 933 S.W.2d 276, 281 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (error in denying 38.23 instruction did not cause defendant "some harm" where jury must have rejected fact dispute that warranted instruction when it found the defendant guilty of the offense). We resolve the sole issue against appellant and affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111669F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GARRETT VOGEL, Appellant

No. 05-11-01669-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 8, Dallas County, Texas
Trial Court Cause No. 07-66820-T.
Opinion delivered by Justice O'Neill.
Justices Bridges and Murphy participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 6th day of June, 2013.


/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE