**Opinion filed May 16, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00124-CR
_____

### JESUS GASPAR CARDOZA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR47676**

---

### M E M O R A N D U M   O P I N I O N

The jury convicted Jesus Gaspar Cardoza of the felony offense of possession of a controlled substance, methamphetamine, in an amount of more than one gram but less than four grams. The jury assessed his punishment at confinement for four years in the Institutional Division of the Texas Department of Criminal Justice. In his sole issue, Appellant contends that the trial court erred by denying his requested

Article 38.23 jury instruction concerning the legality of his initial arrest for public intoxication. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2018). We affirm.

*Background Facts*

Midland Police Officer Aaron Renz heard a radio dispatch concerning a disturbance with weapons. The suspects in the disturbance report were last seen driving an older model Chevrolet Suburban. Officer Renz had previously observed the same type of vehicle driving "hurriedly" in the same area. Officer Renz had recorded the license plate number of the vehicle. After receiving the disturbance report, Officer Renz ran the license plate number, obtained the registered owner's address, and proceeded to that location. The vehicle was not at that location, but Midland Police Officer William Hodges located it within the area.

Officers observed Appellant standing in the road adjacent to the vehicle; he was balancing on a bicycle with one foot on the pedal and the other foot on the ground while speaking to someone inside the vehicle. Officer Hodges made the initial contact with Appellant and instructed him to stay there. Officer Renz instructed Appellant to get off the bicycle, lean it against the vehicle, and put his hands behind his back. Officer Renz searched Appellant for weapons because Officer Renz suspected that Appellant was involved in the disturbance with weapons. After Appellant failed to comply with Officer Renz's verbal commands to remain still during this search, Officer Renz arrested Appellant for public intoxication. Officer Renz searched Appellant incident to this arrest and located methamphetamine in Appellant's front pocket.

Officer Renz testified at trial that, although Appellant was initially compliant, Appellant did not comply with Officer Renz's verbal commands to remain still during the pat-down search. Officer Renz testified that Appellant "would continually tense and untense his muscles in his arms and his abdomen" and "rapidly . . . jerk his neck and slightly pull forward and slightly ease back just enough" to

2

prevent Officer Renz from performing the pat-down search. Officer Renz also stated that Appellant was sweating profusely, was speaking rapidly, and would not follow simple instructions. Officer Renz testified that, based upon his training and experience, he believed that Appellant was under the influence of methamphetamine.

Appellant requested an Article 38.23 jury instruction both in a written motion filed before trial and orally during a charge conference at the close of the State's case. The trial court denied Appellant's requests. Appellant had initially elected not to testify. However, when the trial court denied Appellant's requested Article 38.23 instruction, Appellant decided to testify. The trial court reopened the evidence to permit Appellant to testify. Appellant testified that the officers "did not tell [him] . . . about . . . public intoxication" and that he "was not under the influence or nothing." He said: "I had no beer. I don't drink, you know." Appellant also testified that he was very hyper due to ADHD.

*Analysis*

Appellant contends that the trial court erred by denying his requested Article 38.23 jury instruction. Appellant contends that his requested Article 38.23 jury instruction was required because there was a disputed fact issue as to whether Appellant displayed signs of intoxication sufficient to justify his arrest for public intoxication. We disagree that the trial court erred in denying his requested Article 38.23 jury instruction.

Article 38.23(a) of the Texas Code of Criminal Procedure precludes the admission of evidence obtained in violation of the constitution or laws of the State of Texas or the Constitution or laws of the United States of America. The article further provides:

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt,

that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

CRIM. PROC. art. 38.23(a). There must be a genuine dispute about a material fact issue before an Article 38.23 instruction is warranted. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007). The defendant must demonstrate that (1) the evidence heard by the jury raises an issue of fact, (2) the evidence on that fact is affirmatively contested, and (3) the contested factual issue is material to the lawfulness of the challenged conduct in obtaining the evidence. *Id.* If there is no disputed issue of material fact, the legality of the challenged conduct is a question of law for the trial court. *Id.* And, if other undisputed facts are sufficient to establish the lawfulness of the conduct, the contested factual issue is not material and the defendant is not entitled to a jury instruction on the fact issue. *See id.* at 510–11.

To raise a disputed fact issue, there must be some affirmative evidence that contradicts the existence of that fact. *Id.* at 513. This evidence can come "from any source," regardless of whether it is "strong, weak, contradicted, unimpeached, or unbelievable." *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004) (quoting *Wilkerson v. State*, 933 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1996)). A defendant's questions on cross-examination cannot, by themselves, raise a disputed fact issue. *Madden*, 242 S.W.3d at 515. However, the witnesses' answers to those questions might raise a fact issue. *Id.* at 513.

Appellant requested the trial court to give the following instruction:

MEMBERS OF THE JURY:

You are instructed that no evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the United States of America, or laws of the State of Texas, as a result of the unlawful warrantless arrest of a person may be admitted against that person at a subsequent trial. Our law provides that a warrantless

4

arrest is lawful only if it is made by an officer possessing probable cause to believe that an offense is occurring within the officer's presence.

Probable cause exists for these purposes when the facts and circumstances within the officer's personal knowledge, and of which the officer has reasonably trustworthy information, would be sufficient to lead a person of reasonable caution to believe that an offense was being committed or had been committed and that the person to be arrested was linked with the commission of that offense.

Therefore, if you find from the evidence that on March 12, 2016, Officer Renz arrested the defendant, but you further find, based on the evidence presented, if any, that the officer did not have probable cause to execute that arrest, or if you have a reasonable doubt whether the officer had probable cause, you will disregard the evidence seized by the officer as a result of that arrest and will not consider that evidence for any purpose whatsoever.

Appellant did not request an Article 38.23 instruction on a historical fact—he requested a jury instruction on the legal determination of whether the officers had probable cause.[1] The determination of whether probable cause existed was one for the trial court, not one for the jury under Article 38.23. *See id.* at 511 (noting that trial judge decides what "quality and quantum" of facts are necessary to establish legal terms of art like "reasonable suspicion" or "probable cause"). "Only the judge is authorized to determine the legal significance of the material facts in the case and how they affect the ultimate conclusion regarding the existence, *vel non*, of probable cause or reasonable suspicion." *Robinson v. State*, 377 S.W.3d 712, 722 (Tex. Crim. App. 2012). Appellant did not set forth any specific historical fact in his requested instruction (e.g., that he was or was not intoxicated) that the jury was to consider. Instead, his request required the jury to determine the legal question of probable

---

[1]The test for whether probable cause exists for a public intoxication arrest is whether the officer's knowledge at the time of the arrest would warrant a prudent person in believing that a suspect, albeit intoxicated, was in any way a danger to himself or another person. *See Britton v. State*, 578 S.W.2d 685, 687 (Tex. Crim. App. 1978).

5

cause for his arrest.  Accordingly, the trial court did not err in denying Appellant's requested Article 38.23 instruction.  We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


May 16, 2019

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.