**Opinion filed April 2, 2020**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-18-00097-CR

_____

## JOE HENRY COURTNEY, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 20274B**

## M E M O R A N D U M   O P I N I O N

The jury convicted Joe Henry Courtney, Jr. of possession of a controlled substance (cocaine) and assessed his punishment at confinement for a term of fifty years in the Institutional Division of the Texas Department of Criminal Justice. In a single issue, Appellant contends that the trial court erred by denying his requested

instruction under Article 38.23. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2018). We affirm.

*Background Facts*

Abilene Police Officer Christopher Milliorn stopped a vehicle on July 15, 2015, because the vehicle did not "come back with any return at all" when Officer Milliorn ran the vehicle's license plate number. Officer Milliorn testified that it is very rare for a vehicle to not have a return. Accordingly, Officer Milliorn ran the license plate number three times before stopping the vehicle.

Officer Milliorn testified that the vehicle initially "stutter stopped" prior to reaching a bridge and then the vehicle moved forward past the bridge before stopping. Appellant was a passenger in the vehicle. Officer Milliorn ran the VIN from the vehicle, and it also did not produce a return from dispatch. Officer Milliorn believed that the vehicle may have been stolen.

While Officer Milliorn was back at his patrol car running information through dispatch and speaking with another officer, an unidentified passerby approached him and said that there were "needles" on the ground back where he and the vehicle had traveled. Upon investigating the passerby's report, Officer Milliorn found syringes in the roadway in the area where the vehicle had stutter stopped. Officer Milliorn testified that the syringes were commonly used for drugs. Officer Milliorn noted that the syringes were not damaged, even though they were in the roadway. Officer Milliorn acknowledged that he did not observe the vehicle's occupants throw anything out of the vehicle. During the stop, he watched the video from the dash camera in his patrol car, but he did not observe anything being thrown from the vehicle.

Officer Milliorn called for a canine unit to conduct an open air sniff of the vehicle. When asked why he called for the canine unit, Officer Milliorn testified that he called for it because of the lack of a return for the vehicle, the unusual stutter stop that the vehicle did prior to stopping, and the presence of the syringes in the area of the stutter stop. Canine Officer Brandon Scott arrived with his drug dog, Zeek. While performing an open air sniff of the vehicle, Zeek alerted on the passenger door handle where Appellant had been sitting in the vehicle. Officer Milliorn subsequently found a rock of crack cocaine weighing 2.1 grams in Appellant's pocket.

The record does not indicate that Appellant filed a motion to suppress. At the close of evidence, Appellant requested an Article 38.23 instruction so that the jury could determine if Officer Milliorn had reasonable suspicion to detain Appellant. The trial court denied Appellant's requested instruction.

*Analysis*

In his sole issue, Appellant contends that the trial court erred by denying his request for an Article 38.23 jury instruction concerning whether Officer Milliorn had reasonable suspicion to detain Appellant. We review a claim of jury charge error using the procedure set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). *See State v. Ambrose*, 487 S.W.3d 587, 594 (Tex. Crim. App. 2016). Our first duty in analyzing a jury charge issue is to decide whether error exists. *Arteaga v. State*, 521 S.W.3d 329, 333 (Tex. Crim. App. 2017) (citing *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009)). If error exists, we must determine whether the error caused sufficient harm to warrant reversal. *Id.* If a timely objection was lodged at trial, reversal is required if the error resulted in "some

harm" to the defendant. *Elizondo v. State*, 487 S.W.3d 185, 204 (Tex. Crim. App. 2016).

Article 38.23(a) of the Texas Code of Criminal Procedure precludes the admission of evidence obtained in violation of the constitution or laws of the State of Texas or the Constitution or laws of the United States of America. The article further provides:

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

CRIM. PROC. art. 38.23(a). There must be a genuine dispute about a material fact issue before an Article 38.23 instruction is warranted. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007). The defendant must demonstrate that (1) the evidence heard by the jury raises an issue of fact, (2) the evidence on that fact is affirmatively contested, and (3) the contested factual issue is material to the lawfulness of the challenged conduct in obtaining the evidence. *Id.* If there is no disputed issue of material fact, the legality of the challenged conduct is a question of law for the trial court. *Id.* And, if other undisputed facts are sufficient to establish the lawfulness of the conduct, the contested factual issue is not material and the defendant is not entitled to a jury instruction on the fact issue. *See id.* at 510–11.

To raise a disputed fact issue, there must be some affirmative evidence that contradicts the existence of that fact. *Id.* at 513. This evidence can come "from any source," regardless of whether it is "strong, weak, contradicted, unimpeached, or unbelievable." *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004) (quoting *Wilkerson v. State*, 933 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1996, pet.

4

ref'd)).  A defendant's questions on cross-examination cannot, by themselves, raise a disputed fact issue.  *Madden*, 242 S.W.3d at 515.  However, the witnesses' answers to those questions might raise a fact issue.  *Id.* at 513.

As noted previously, Appellant sought an Article 38.23 instruction for the jury to determine if Officer Milliorn had reasonable suspicion to continue his detention until the canine unit arrived to perform the open air sniff of the vehicle.[1]  Thus, Appellant did not request an Article 38.23 instruction on a historical fact because the legal determination of whether an officer had reasonable suspicion was one for the trial court, not one for the jury under Article 38.23.  *Id.* at 511 (noting that trial judge decides what "quality and quantum" of facts are necessary to establish legal terms of art like "reasonable suspicion" or "probable cause").  "Only the judge is authorized to determine the legal significance of the material facts in the case and how they affect the ultimate conclusion regarding the existence, *vel non*, of probable cause or reasonable suspicion."  *Robinson v. State*, 377 S.W.3d 712, 722 (Tex. Crim. App. 2012).

As suggested by the Texas Court of Criminal Appeals in *Hamal v. State*, a factual dispute that will require an Article 38.23 instruction is a dispute about what an officer "did, said, saw, or heard."  390 S.W.3d 302, 307 (Tex. Crim. App. 2012).  In this case, there is no dispute about what Officer Milliorn did, said, saw, or heard.  Specifically, Officer Milliorn acknowledged that he did not see Appellant throw anything out of the vehicle prior to the stop.  Furthermore, Officer Milliorn admitted that the presence of the syringes near the area where the vehicle stutter stopped may

---

[1]A sniff of the outside of a vehicle by a trained canine during a routine, valid traffic stop is not a search within the meaning of the Fourth Amendment; thus, it does not require reasonable suspicion of contraband in order for it to be performed.  *See Haas v. State*, 172 S.W.3d 42, 51 (Tex. App.—Waco 2005, pet. ref'd) (citing *Illinois v. Caballes*, 543 U.S. 405, 407–08 (2005)).

have been a coincidence.  Accordingly, there was no dispute of historical fact in this case that required an Article 38.23 instruction.  We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


April 2, 2020

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.