**Opinion filed March 12, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00091-CR
_____

## DAVID GONZALES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 161st District Court

Ector County, Texas

Trial Court Cause No. B-44,600

## MEMORANDUM OPINION

The jury convicted David Gonzales of possession of a controlled substance (cocaine) with the intent to deliver. The jury assessed his punishment at confinement for a term of sixty-eight years in the Institutional Division of the Texas Department of Criminal Justice. The jury also assessed a $5,000 fine. Appellant brings three issues on appeal. We reverse and remand.

*Background Facts*

Corporal Brian Rodin and Corporal Jorge Antonio Amezola stopped Appellant for a traffic violation. Appellant was the driver, and Brandon Teeler was the passenger. When the officers contacted Appellant, he informed them that he did not have a valid driver's license because it had been suspended. Corporal Rodin called in a warrant check to dispatch, and Corporal Amezola ran Appellant's driver's license. While waiting on Appellant's driver's license history, Corporal Rodin asked Appellant for his consent to search the vehicle. The officers believed that Appellant consented to the search based upon Appellant's verbal response.

Corporal Rodin searched the vehicle and found a Xanax bar; a digital scale with a white, powdery residue; and three cell phones in addition to the cell phone in Appellant's personal possession. While Corporal Rodin searched the vehicle, Corporal Amezola received Appellant's driver's license history, which showed that Appellant's driver's license was suspended. Appellant was later placed under arrest for driving with an invalid license.

After Appellant's arrest, Corporal Amezola told Appellant that, if Appellant turned over any illicit items in his personal possession, Appellant would not be charged with possession of a controlled substance in a correctional facility. Appellant then removed a baggie of cocaine from his underwear and gave it to Corporal Amezola.

At trial, the State offered into evidence a video of the traffic stop. The video of the traffic stop shows that Corporal Rodin asked Appellant: "Would you have any problem with me searching your vehicle?" However, Appellant's response to Corporal Rodin was not clearly recorded. Both corporals testified at trial that Appellant responded, "Search it," indicating to them that Appellant consented to the search of his vehicle. However, Teeler testified that Appellant did not give

2

Corporal Rodin consent to search the vehicle. Teeler claimed that Appellant responded, "[Y]es, sir," indicating that Appellant had a problem with them searching Appellant's vehicle.

At the close of evidence, Appellant requested an Article 38.23 instruction on the issue of his consent to the search of his vehicle. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2018). Appellant argued that he presented evidence that created a fact question as to whether he consented to the search. The trial court denied Appellant's requested instruction.

*Analysis*

In his first issue, Appellant contends that the trial court erred by denying his pretrial motion to suppress. He states the issue as follows: "Whether a vehicle search that begins after the purpose of a traffic stop is completed violates a citizen's rights under the Fourth Amendment to the United States Constitution to be free from illegal searches and seizures where the consent to search was obtained while the citizen was still detained." Thus, Appellant's issue is based on a timing argument—he asserts that the officers were required to terminate the vehicle search based upon consent when the purpose of the traffic stop was concluded.[1] We disagree.

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). In reviewing a ruling on a motion to suppress, we apply a bifurcated standard of review. *Brodnex v. State*, 485 S.W.3d 432, 436 (Tex. Crim. App. 2016); *Martinez*, 348 S.W.3d at 922–23. We afford almost total deference to the trial court's determination of historical facts and of mixed questions of law and fact that turn on the weight or credibility of the evidence. *Brodnex*, 485 S.W.3d at 436; *Martinez*,

---

[1]In presenting his first issue, Appellant does not challenge the trial court's implicit determination that Appellant consented to the search of his vehicle.

348 S.W.3d at 922–23. We review de novo the trial court's determination of pure questions of law and mixed questions of law and fact that do not depend on credibility determinations. *Brodnex*, 485 S.W.3d at 436; *Martinez*, 348 S.W.3d at 923.

When, as in this case, there are no written findings of fact in the record, we uphold the trial court's ruling on any theory of law applicable to the case and presume the trial court made implicit findings of fact in support of its ruling so long as those findings are supported by the record. *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000). We view a trial court's ruling on a motion to suppress in the light most favorable to the trial court's decision. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). At a suppression hearing, the trial court is the sole judge of the credibility of the witnesses and is free to believe or disbelieve any or all of the evidence presented. *See id.* at 24–25. If supported by the record, a trial court's ruling on a motion to suppress will not be overturned. *Mount v. State*, 217 S.W.3d 716, 724 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Prior to addressing the merits of Appellant's first issue, we must determine if Appellant's trial counsel waived his complaint to the pretrial suppression ruling by stating "no objection" when the Xanax bar, digital scale, cell phones, and cocaine were offered into evidence at trial. Irrespective of the "no objection" statements, both Appellant and the State assert that Appellant's trial counsel did not waive error on the suppression ruling under *Thomas v. State*, 408 S.W.3d 877 (Tex. Crim. App. 2013). We agree.

In *Thomas*, the court noted that, although "[a]n adverse ruling on a pretrial motion to suppress evidence will ordinarily suffice to preserve error on appeal, and a defendant need not specifically object to the evidence when it is later offered at trial," the defendant "must also take care not to affirmatively indicate that he has 'no

objection' to the evidence that he [previously] challenged . . . when it is later offered at trial." *Id.* at 881. Such an affirmative statement, the court said, has long "constitute[d] a 'waiver' of the right to raise on appeal the error that was previously preserved." *Id.* at 881–82 (citing *Harris v. State*, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983) (other citations omitted)).

The court in *Thomas* added that "the rule that a later statement of 'no objection' will forfeit earlier-preserved error is context-dependent." *Id.* Therefore, appellate courts should review the entirety of the record to determine whether the record "plainly demonstrates that the defendant did not intend, nor did the trial court construe, his 'no objection' statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal." *Id.* Any ambiguity with regard to whether an abandonment was intended or understood should be resolved in favor of finding waiver. *Id.* at 885–86; *see Stairhime v. State*, 463 S.W.3d 902, 906 (Tex. Crim. App. 2015).

During his opening statement, Appellant's trial counsel referenced his argument that the evidence should have been suppressed based on the duration of the traffic stop. At the close of evidence, Appellant's trial counsel requested an instruction under Article 38.23 related to his suppression argument. Accordingly, the record demonstrates that Appellant did not intend, nor did the trial court construe, his "no objection" statements to constitute the abandonment of his suppression issue. *See Thomas*, 408 S.W.3d at 881–82.

Appellant is essentially challenging the duration of the traffic stop. The Supreme Court's decision in *Rodriguez v. United States* guides our analysis of Appellant's challenge to the duration of the traffic stop. 575 U.S. 348 (2015). "A seizure for a traffic violation justifies a police investigation of that violation." *Id.* at 354. "[T]he tolerable duration of police inquiries in the traffic-stop context" must

be tailored to addressing the traffic violation that warranted the stop and addressing any related safety concerns. *Id.* During an investigative traffic stop, an officer is entitled to make inquiries incident to the traffic stop, including checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. *Id.* at 355. "These checks serve the same objective as enforcement of the traffic code: ensuring that vehicles on the road are operated safely and responsibly." *Id.* Additionally, an officer "may conduct certain unrelated checks during an otherwise lawful traffic stop." *Id.* However, "he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual." *Id.* Texas courts have followed the same approach in defining the scope of a traffic stop. *Lerma v. State*, 543 S.W.3d 184, 193–94 (Tex. Crim. App. 2018) (citing *Kothe v. State*, 152 S.W.3d 54, 63–64 (Tex. Crim. App. 2004)); *Davis v. State*, 947 S.W.2d 240, 245 n.6 (Tex. Crim. App. 1997).

As noted by the Court in *Rodriguez*, the task of ensuring that vehicles on the road are operated "responsibly" is a part of a traffic-stop investigation. 575 U.S. 355. Only after a computer check of the license and warrant status is completed and the officer knows that the driver has a currently valid license and no outstanding warrants and that the car is not stolen, is the traffic-stop investigation fully resolved. *Lerma*, 543 S.W.3d at 190–91; *Kothe*, 152 S.W.3d at 63–65. Here, the traffic stop of Appellant was not fully resolved prior to the officers obtaining Appellant's consent to search his vehicle because Appellant did not have a valid driver's license. *See Roberson v. State*, 311 S.W.3d 642, 646 (Tex. App.—Eastland 2010, no pet.) (traffic stop investigation not completed because driver did not have a valid driver's license). Furthermore, the traffic stop investigation was not fully resolved at the time the vehicle search occurred because of the same reason. Accordingly,

6

Appellant is incorrect in his assertion that the purpose of the traffic stop was fully resolved prior to the search of his vehicle.[2]

Moreover, consent to search operates as an exception to the Fourth Amendment's warrant requirement. *Caraway v. State*, 255 S.W.3d 302, 310 (Tex. App.—Eastland 2008, no pet.) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973)). When a person gives an officer consent to search, "the scope of consent under the Fourth Amendment is that of 'objective' reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Valtierra v. State*, 310 S.W.3d 442, 449 (Tex. Crim. App. 2010) (quoting *Florida v. Jimeno*, 500 U.S. 248, 251 (1991)). "[I]f the consent to search is entirely open-ended, a reasonable person would have no cause to believe that the search will be limited in some way." *Id.* (quoting *United States v. Mendoza–Gonzalez*, 318 F.3d 663, 670 (5th Cir. 2003)). There is no indication that Appellant limited the duration of the search of his vehicle to the point in time that the officers verified that he did not have a valid driver's license. *See id.* ("[A] person's silence in the face of an officer's further actions may imply consent to that further action.").

We overrule Appellant's first issue.

In his second issue, Appellant presents a conditional ground. He asserts that, if his trial counsel waived the pretrial suppression ruling, then his trial counsel rendered ineffective assistance of counsel. Because we have determined that trial counsel did not waive the suppression ruling, we overrule Appellant's second issue as moot.

---

[2]Even if the purpose of the traffic stop had been concluded prior to the officers obtaining consent to search from Appellant, the subsequent search pursuant to Appellant's consent to search would not necessarily be invalidated. In *Caraway v. State*, we held that, "[a]fter the purpose of a traffic stop has been accomplished, a police officer may ask for consent to search a vehicle; however, if consent is refused, the officer may not detain the occupants or vehicle further unless reasonable suspicion of some criminal activity exists." 255 S.W.3d 302, 310 (Tex. App.—Eastland 2008, no pet.).

In his third issue, Appellant contends that the trial court erred by denying his request for an Article 38.23 jury instruction concerning whether Appellant consented to the search of his vehicle. Appellant asserts that he was entitled to this instruction because he raised a fact issue regarding his consent to the search and that he was harmed by the trial court's failure to provide this instruction. We agree.

We review a claim of jury charge error using the procedure set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). *See State v. Ambrose*, 487 S.W.3d 587, 594 (Tex. Crim. App. 2016). Our first duty in analyzing a jury charge issue is to decide whether error exists. *Arteaga v. State*, 521 S.W.3d 329, 333 (Tex. Crim. App. 2017) (citing *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009)). If error exists, we must determine whether the error caused sufficient harm to warrant reversal. *Id.* If a timely objection was lodged at trial, reversal is required if the error resulted in "some harm" to the defendant. *Elizondo v. State*, 487 S.W.3d 185, 204 (Tex. Crim. App. 2016).

Article 38.23(a) of the Texas Code of Criminal Procedure precludes the admission of evidence obtained in violation of the constitution or laws of the State of Texas or the Constitution or laws of the United States of America. The article further provides:

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

CRIM. PROC. art. 38.23(a). There must be a genuine dispute about a material fact issue before an Article 38.23 instruction is warranted. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007). The defendant must demonstrate that (1) the evidence heard by the jury raises an issue of fact, (2) the evidence on that fact is

8

affirmatively contested, and (3) the contested factual issue is material to the lawfulness of the challenged conduct in obtaining the evidence. *Id.* If there is no disputed issue of material fact, the legality of the challenged conduct is a question of law for the trial court. *Id.* And, if other undisputed facts are sufficient to establish the lawfulness of the conduct, the contested factual issue is not material and the defendant is not entitled to a jury instruction on the fact issue. *See id.* at 510–11.

To raise a disputed fact issue, there must be some affirmative evidence that contradicts the existence of that fact. *Id.* at 513. This evidence can come "from any source," regardless of whether it is "strong, weak, contradicted, unimpeached, or unbelievable." *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004) (quoting *Wilkerson v. State*, 933 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd)). A defendant's questions on cross-examination cannot, by themselves, raise a disputed fact issue. *Madden*, 242 S.W.3d at 515. However, the witnesses' answers to those questions might raise a fact issue. *Id.* at 513.

As noted previously, the State presented evidence that Appellant consented to the search by stating, "Search it," to Corporal Rodin. Afterwards, Appellant called Teeler as a defense witness. Teeler testified that Appellant answered, "[Y]es, sir," to Corporal Rodin's question asking Appellant if he had a problem with the officers searching his vehicle. As we previously indicated, a recording of this exchange between Corporal Rodin and Appellant was offered at trial. However, Appellant's response to Corporal Rodin's request for consent was not clearly recorded.[3]

Teeler's testimony constituted affirmative evidence that Appellant did not give verbal consent to the search of his vehicle. Appellant's consent was material to the lawfulness of the search of Appellant's vehicle, and the evidence at trial

---

[3]This case is distinguishable from other cases in which a defendant's consent was recorded and understandable. *See Vazquez v. State*, No. 05-11-00055-CR, 2012 WL 1130278, at *8 (Tex. App.—Dallas Apr. 5, 2012, no pet.) (not designated for publication).

9

indicated that there was a genuine dispute regarding the consent that Appellant gave the officers. *See Hamal v. State*, 390 S.W.3d 302, 307 (Tex. Crim. App. 2012) (suggesting that a factual dispute requiring an Article 38.23 instruction includes a dispute that relates to what an officer heard). Accordingly, the trial court erred in failing to give the jury the requested Article 38.23 instruction.

Having found error, we must next analyze harm. Because Appellant preserved error by requesting an Article 38.23 instruction on the issue of consent, we must determine whether the error caused "some harm." *See Barrios*, 283 S.W.3d at 350 (citing *Almanza*, 686 S.W.2d at 171). In conducting our review for "some harm," neither Appellant nor the State bears the burden on appeal to show harm or lack thereof. *Rogers v. State*, 550 S.W.3d 190, 191 (Tex. Crim. App. 2018). Instead, this court must examine the relevant portions of the entire record, including the entire jury charge, the state of the evidence, arguments of counsel, and other relevant record information, to determine whether Appellant suffered actual, as opposed to theoretical, harm as a result of the error. *Id.* at 191–92. This evaluation is case-specific. *Id.* at 192.

Had the trial court submitted a proper charge containing an Article 38.23(a) instruction on consent, the jury could have excluded the Xanax bar, the digital scale with cocaine residue, the three cell phones found inside Appellant's vehicle, and possibly the cocaine found in Appellant's personal possession if the jury had a reasonable doubt that Appellant consented to a search of his vehicle. The State relied on all of these items of evidence to establish Appellant's guilt for possession with the intent to deliver. The State's reliance on these items, particularly those seized from Appellant's vehicle as a result of the "consensual" search of it, weigh in favor of a finding that Appellant suffered some harm in the absence of the requested Article 38.23(a) instruction. Accordingly, we conclude that the omission of

Appellant's requested Article 38.23(a) instruction on consent caused some harm to Appellant. We sustain Appellant's third issue.

*This Court's Ruling*

We reverse the judgment of the trial court and remand this cause for a new trial.


JOHN M. BAILEY
CHIEF JUSTICE


March 12, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[4]

Willson, J., not participating.

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.